IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE GREER, in her individual capacity; and the ESTATE OF WILLIAM F. GREER, by and through its personal representative LOUISE GREER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 08-1267 |
| | ) | |
| NEMACOLIN WOODLANDS, INC., a Pennsylvania corporation, d/b/a, a/k/a NEMACOLIN WOODLANDS RESORT, d/b/a, a/k/a NEMACOLIN WOODLANDS, d/b/a, a/k/a NEMACOLIN WOODLANDS RESORT & SPA, and NWL, CO., a Pennsylvania corporation, d/b/a, a/k/a NEMACOLIN WOODLANDS RESORT, d/b/a, a/k/a NEMACOLIN WOODLANDS, d/b/a, a/k/a NEMACOLIN WOODLANDS RESORT & SPA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                              January 9, 2009

This is an action in tort. Plaintiffs, Louise Greer and the estate of William F. Greer, bring claims for negligence and loss of consortium resulting from Ms. Greer's slip and fall in defendants' dining room. Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)[1] contending that a loss of consortium claim cannot be brought in a representative capacity

---

[1] Although defendants' brief in support of motion to dismiss includes a reference to Fed.R.Civ.P. 12(f), they do not set forth any argument regarding striking language from plaintiffs' complaint. We see no reason to strike language from plaintiffs' complaint, therefore, we will deny relief pursuant to Rule 12(f).

on behalf of a non-injured deceased spouse [doc. no. 7]. Defendants explain that plaintiffs cannot provide sufficient facts regarding the personal loss to a deceased individual. For the reasons that follow, defendants' motion is denied, without prejudice.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

2

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed defendants' motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal is appropriate at this time.

Specifically, plaintiffs have alleged that on September 15, 2007, Ms. Greer fell down two steps while exiting defendants' dining room because the steps were not visible to her. As a result of the fall, she suffered a broken pelvis requiring hospitalization and rehabilitation. Less than a month later, Dr.

3

Greer suffered a stroke and subsequently passed away on October 27, 2007. Ms. Greer raises a negligence claim as a result of her injury and Dr. Greer's estate raises a loss of consortium claim for the time period between September 15, 2007 and October 27, 2007 wherein he was deprived of his wife's aid, comfort, society, and consortium. [Doc. No. 1].

Pennsylvania law provides for loss of consortium claims arising out of marital relationships. See Sprague v. Kaplan, 572 A.2d 789, 790 (Pa. Super. 1990). Pennsylvania law also provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants." 42 Pa. Cons. Stat. Ann. § 8302 (West 2007). This survival statute "preserve[s] a deceased person's underlying cause of action for the benefit of the person's estate." Mishoe v. Erie Ins. Co., 824 A.2d 1153, 1159 n.9 (Pa. 2003) (citation omitted).

While defendants may later argue that plaintiffs cannot show any "personal loss" to Dr. Greer sufficient to entitle them to relief, the allegations contained in the complaint, if true, state a claim for loss of consortium. We therefore cannot dismiss the loss of consortium claim at this time. Our ruling, however, does not prevent defendants from raising these arguments after discovery is complete in a motion for summary judgment.

Therefore, this 9th day of January, 2009, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 7] is denied without prejudice to their right to raise these issues under Rule 56 on a properly developed record.

BY THE COURT:

_____ J.

cc:     All Counsel of Record